UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CISCO SYSTEMS, INC. and CISCO
TECHNOLOGY, INC., a California
corporation

       Plaintiffs,

v.                                       Case No:  2:18-cv-354-FtM-99MRM

ABARAM NETWORK SOLUTIONS,
INC.., TJR PROCUREMENT, LLC,
STEFANIT TESFAYE, DAVID
JESSE MACDOUGALL and DOES
1-50,

       Defendants.
_____/

## **STIPULATED PRELIMINARY INJUNCTION ORDER**[1]

      Before the Court is a Stipulated Preliminary Injunction filed by Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") and Defendants Abraham Network Solutions, Inc., TJR Procurement, Sefanit Tesfaye, and David Jesse MacDougall. (Doc. 35). The parties jointly move for a preliminary injunction and request the Court to enter their attached Proposed Order for Preliminary Injunction. (Doc. 35). After careful consideration of the record and because the parties agree on a preliminary injunction, the Court will grant the preliminary inunction as the parties so stipulate.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Accordingly, it is now

**ORDERED:**

(1) The stipulated motion for preliminary injunction is **GRANTED**. (Doc. 35).

(2) Upon stipulation of the parties, a preliminary injunction under Federal Rule of Civil Procedure 65 is **ENTERED** that enjoins and restrains Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies; assigns and successors in interest; and those persons in active concert or participation with them, from:

    a. Importing, exporting, assisting in the importation or exportation, manufacturing, procuring, distributing, shipping, retailing, selling, offering for sale, marketing, advertising, or trafficking in any non-genuine products bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the CISCO Marks (as identified in Cisco's Complaint) which are likely to cause confusion, or bearing a design that is of a substantially similar appearance to the CISCO Marks;

    b. Passing off, inducing, or enabling others to sell or pass off as authentic products produced by Cisco or otherwise authorized by Cisco, any non-genuine product not manufactured by Cisco or produced under the control or supervision of Cisco and approved by Cisco, which uses any of the CISCO Marks listed in Cisco's Complaint; and

    c. Committing any act calculated to cause purchasers to believe that products from Defendants are those sold under the control and

supervision of Cisco by representing that such products are guaranteed by Cisco to be genuine.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record